John A. PALMER, Appellant,

v.

UNITED STATES, Appellee.

No. 2539.

Municipal Court of Appeals for the District of Columbia.

Submitted March 21, 1960.

Decided June 7, 1960.

Samuel J. Ochipinti, Washington, D. C., for appellant.

berg v. Howle, D.C.Mun.App., 56 A.2d 709.

Oliver Gasch, U. S. Atty., Washington, D. C., with whom Carl W. Belcher and Daniel J. McTague, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant was charged with larceny of a radio from a store. At trial the store manager another employee of the store, and a police detective testified for the prosecution. Appellant offered no evidence on his behalf. The court instructed the jury in a manner satisfactory to appellant, and the jury retired for deliberation at 11:50 a. m. Before excusing the jury for lunch at 12:30 p. m., the court inquired if a verdict had been reached. When the foreman replied in the negative the "Judge commented to the effect that the case was not a difficult one, advised the jury of the recess for lunch, and told them to return to their deliberations at 1:30."[1] About one-half hour after resuming their deliberation the jury returned a verdict of guilty.

Although no objection was made to the comment of the judge that the case was "not a difficult one," this remark is now urged as the sole ground for reversal. It is argued that by this remark the court intimated that the evidence was sufficient to convict and that the jury was taking too much time in reaching a verdict of guilty.

In McAllister v. United States, 99 U.S. App.D.C. 256, 257, 239 F.2d 76, 77, an abortion case, the trial judge, in concluding his instructions to the jury, said, "to reach a verdict * * * should not involve any difficulty." On appeal the conviction was affirmed, the court saying:

"Clearly this gratuitous remark was not well advised. But defense counsel did not object below as required by Rule 30, F.R.Crim.P., 18 U.S.C.A.; and in the circumstances of this case we cannot say that refusal to consider the matter on appeal will result in manifest injustice."

We could well affirm on the authority of the above-quoted case, but we add that we do not feel that the judge's remark was subject to the interpretation now placed on it by appellant. It was not "tantamount to expressing the court's judgment that the defendant was guilty,"[2] and did not cross the "constitutional line"[3] by invading the province of the jury. We are not convinced that it had any substantial influence on the verdict, and therefore conclude that the remark, though "not well advised," did not constitute prejudicial error.

Affirmed.

1. Quotation from statement of proceedings and evidence.

2. Sullivan v. United States, 85 U.S.App. D.C. 409, 411, 178 F.2d 723, 725.

3. Billeci v. United States, 87 U.S.App.D.C. 274, 282, 184 F.2d 394, 402, 24 A.L.R.2d 881.